

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2007

# USA v. Mason

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Mason" (2007). *2007 Decisions.* Paper 691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5540

UNITED STATES OF AMERICA,

v.

CRAIG MASON,
                                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Hon. Gene E.K. Pratter
(04-cr-00720)

Submitted Under Third Circuit L.A.R. 34.1(a)
June 14, 2007

Before: McKEE, STAPLETON, and NYGAARD, Circuit Judges

(Opinion Filed:  July 27, 2007)

_____

OPINION
_____

McKEE, Circuit Judge

        Craig Mason  appeals the District Court's denial of his motion to suppress

claiming that the government failed to establish reasonable suspicion for an investigatory

stop of his car under *Terry v. Ohio*, 392 U.S. 1, 21 (1968).  For the reasons that follow,

we will affirm.[1]

Mason argues that police had insufficient information to support an investigatory stop.  The Fourth Amendment allows police to "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).  In determining whether circumstances warrant this intrusion, "the totality of the circumstances-the whole picture-must be taken into account." *United States v. Cortez,* 449 U.S. 411, 417-18 (1981)*.*  Accordingly, "even factors independently 'susceptible to innocent explanation' can collectively amount to reasonable suspicion." *United States v. Brown*, 448 F.3d 239, 252 (3d Cir. 2006).  Moreover,  police officers may rely  "on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'"  *United States v. Arvizu*, 534 U.S. 266, 274, 273 (2000).

Given this standard, the District Court correctly determined that the police had sufficient information to justify a brief investigatory detention of Mason's car under *Terry.* When Pennsylvania Narcotics Agent Alan Basewitz inspected the crate in question, he found the crate's construction and labels consistent with that of other drug shipments.  Later, Mason was observed waiting at the specified address and leaving

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's findings of fact for clear error, and conduct plenary review of that court's application of law to those facts.  *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

shortly after the crate was delivered. Mason was alone throughout this period and there was no other suspect at the scene. Accordingly, suspicion surrounding the delivery of the crate focused solely on him. *See United States v. Goodrich*, 450 F.3d 552, 561, 563 (3d Cir. 2006).

Although no one fact would have justified the brief intrusion that accompanies a *Terry* stop, the combination of these factors combined with the mobility resulting from Mason leaving the location of the garage after receiving the shipment, was sufficient to arouse the reasonable suspicion of a trained narcotics officer.[2] "A reasonable suspicion of criminal activity may be formed by observing exclusively legal activity." *United States v. Ubiles*, 224 F.3d 213, 217 (3d Cir. 2000).

When the experience of these officers is added to the overall scope of the situation, the totality of the circumstances warranted reasonable suspicion that the Appellant was engaging in criminal activity. *See Cortez*, 449 U.S. at 417-18. It was not necessary for the police to have reason to believe Mason had drugs in his car. It was sufficient that they had a reasonable suspicion that he was currently involved in a drug business involving the drugs at the house. Upon review of the district court's decision, we can find no error.

The order of the District Court denying Appellant's Motion to Suppress is affirmed.

---

[2] Agent Alan Basewitz had been a narcotics agent since 1990. Supervisory Agent Phillip Delvin was a six-year veteran of the DEA and made the decision to detain the Mason.